IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| KATIA GAUTHIER, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF PETER GAUTHIER, and AS PARENT AND NATURAL GUARDIAN OF MINORS, D.G. AND N.G., | ) ) ) ) ) ) | Civil Action File No. 6:20-CV-93 |
| | ) | **JURY TRIAL DEMANDED** |
| PLAINTIFF, | ) ) | |
| V. | ) ) | |
| HARD TO STOP LLC; RONALD BERNARD SHINGLES; GREAT WEST CASUALTY COMPANY; and TOTAL QUALITY LOGISTICS, LLC; | ) ) ) ) ) | |
| DEFENDANTS. | ) | |

## <u>FIRST AMENDED COMPLAINT</u>

Plaintiff Katia Gauthier, individually and as Administrator of the Estate of

Peter Gauthier, deceased, and as Parent and Natural Guardian of minors, Danielle

Gauthier and Nicolette Gauthier, files this First Amended Complaint to reallege

claims against Defendants Hard to Stop LLC, Ronald Bernard Shingles, and Great

West Casualty Company, and to add claims against Defendant Total Quality

Logistics, LLC:

**PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff Katia Gauthier is a citizen and resident of Bulloch County, Georgia. Plaintiff submits to the jurisdiction of this Court.

2.

Plaintiff is the surviving spouse of Peter Gauthier and is the proper party to bring a claim under Georgia's Wrongful Death Act to recover for the death of her husband. Proceeds from any wrongful death recovery are to be divided as provided by O.C.G.A. § 51-4-2 between Katia and Peter's minor twin daughters, D.G. and N.G.

3.

Plaintiff has been appointed Administrator of the Estate of Peter Gauthier, Deceased, by the Probate Court of Bulloch County, Georgia.  Plaintiff is the proper party to bring this action for Estate Damages arising from the death of Peter Gauthier.

4.

Hard to Stop LLC is a foreign LLC with its corporate headquarters and business registration in the State of Florida.   Hard to Stop LLC is subject to the jurisdiction of this Court under Georgia's Long Arm Statute based on its contacts with Georgia, which include but are not limited to entering into contracts in

Georgia, delivering and picking up goods in Georgia, entering into joint ventures in Georgia, operating and permitting the operation of its commercial vehicles in Georgia, and committing the subject tort in Georgia.

5.

Hard to Stop LLC, which owns the subject tractor trailer that caused the underlying wreck, is subject to jurisdiction in Georgia under Georgia's Nonresident Motorist Statutes, O.C.G.A. § 40-12-1 et seq., as it permitted and directed the operation of its vehicle in Georgia.

6.

Hard to Stop LLC may be served with process under the provisions of the Georgia Long Arm Statute, under the provisions of Georgia's Nonresident Motorist Statutes, O.C.G.A. § 40-12-1 et seq., or as a common carrier through its designated process agent.

7.

Ronald Bernard Shingles ("Shingles") is a non-resident motorist, at the time of the subject wreck and the time of filing this suit, whose last known address is located in Jacksonville, Florida.  Defendant Shingles is a joint tortfeasor and/or employee or agent of Hard to Stop LLC and/or Claxton Poultry. Defendant Shingles is subject to jurisdiction in this Court and may be served with process

under Georgia's Long Arm Statute or Georgia's Nonresident Motorist Statutes,

O.C.G.A. § 40-12-1 et seq.

8.

Great West Casualty Company ("Great West"), a foreign insurance

company, is the liability carrier for Hard to Stop LLC, a common carrier.  Great

West is subject to direct action under O.C.G.A. § 40-1-112 and/or § 40-2-140.

Great West is registered to do business in Georgia and may be served with process

by delivering a copy of the Summons and Complaint to its registered agent,

Corporation Service Company, at 40 Technology Pkwy South, #300, Norcross,

GA 30092, USA.  Great West is subject to jurisdiction in this Court.

9.

Total Quality Logistics LLC ("Total Quality Logistics") is a foreign LLC

with its corporate headquarters and business registration in the State of Ohio.

Total Quality Logistics is subject to the jurisdiction of this Court under Georgia's

Long Arm Statute based on its contacts with Georgia, which include but are not

limited to entering into contracts in Georgia, arranging for the delivery and

picking up of goods in Georgia, and committing the subject tort in Georgia.

10.

Total Quality Logistics is registered to do business in Georgia and may be

served with process by delivering a copy of the Summons and Complaint to its

registered agent, Corporate Creations Network, Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia, 30066.  Total Quality Logistics is subject to jurisdiction in this Court.

11.

Venue and jurisdiction are proper as to all Defendants pursuant to O.C.G.A. § 40-12-3, Georgia's long-arm statute, and 28 U.S.C. §§ 1332(a)(1) and 1339, as the parties are fully diverse, the amount of damages in controversy surpasses the jurisdictional threshold of $75,000, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

12.

The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

13.

On May 28, 2020, at approximately 9:30 p.m., Defendant Shingles was operating a 2010 Freightliner Tractor while towing a trailer as he traveled on Georgia SR 73 in Claxton, Georgia.

14.

Defendant Shingles was acting as an employee or agent for Defendants Hard to Stop LLC and/or Total Quality Logistics at all relevant times.

15.

Defendant Shingles was traveling to Claxton Poultry's plant on Georgia SR 73 in order to pick up product that had been manufactured and/or processed by Claxton Poultry.

16.

Defendant Shingles was to take this product and deliver it to a customer for Claxton Poultry at the express direction and under the control of the shipment broker, Total Quality Logistics, which selected and arranged for Defendants Shingles and/or Hard Stop to pick up the load and deliver it.

17.

Defendant Hard to Stop LLC is a common motor carrier and owned the subject 2010 Freightliner Tractor and the trailer it was towing.

18.

Defendants Hard to Stop LLC and/or Total Quality Logistics controlled the time, manner and method of the actions of Defendant Shingles at all relevant times.

19.

As Defendant Shingles approached the Claxton Poultry plant, he was traveling with improperly maintained brakes and while distracted.  As a result, he

was unable to slow his tractor and trailer in time to turn into the Claxton Poultry plant.

20.

After Defendant Shingles missed his turn, he attempted to make a negligent, reckless, and illegal U-turn impacting multiple lanes of traffic in both directions on Georgia SR 73.

21.

The steering radius for the tractor while towing a trailer prevented Defendant Shingles from executing the dangerous U-turn.

22.

As a result, the tractor and trailer blocked multiple lanes of travel on Georgia SR 73.

23.

Plaintiff's decedent, Peter Gauthier, was traveling on Georgia SR 73 at the same time that Defendant Shingles was attempting the dangerous U-turn.

24.

Making the U-turn even more dangerous was the fact that many lights of the subject tractor and trailer were not functioning properly, headlights on the tractor

were not in proper adjustment, and the reflective tape/marking on the tractor and trailer were not maintained in accordance with industry and federal regulations.

25.

Peter Gauthier was unable to avoid colliding with the trailer, which blocked multiple lanes on Georgia SR 73.

26.

Peter Gauthier suffered extensive pre- and post-impact pain and suffering and died as result of the injuries that he suffered when colliding with the trailer.

**Count 1: Negligence**

27.

The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

28.

Defendant Shingles was under a duty to use reasonable care in the operation of the vehicle.

29.

Defendant Shingles breached the duty of reasonable care in multiple ways.

30.

Defendant Shingles's negligence includes, but is not limited to, the following:

- Failing to perform a proper pre trip inspection;

- Operating a tractor trailer with insufficient braking capacity;

- Operating a tractor trailer with headlights out of alignment;

- Operating a tractor trailer with inoperable side lighting;

- Operating a tractor trailer with insufficient reflective
  tape/markings;

- Driving while distracted;

- Attempting an improper U-turn;

- Driving in a dangerous and reckless manner; and

- Obstructing multiple lanes of traffic.

31.

Defendant Shingles's negligence was a proximate cause of Peter Gauthier's inability to avoid colliding with the subject trailer.

32.

Defendant Shingles's negligence was a proximate cause of the wreck.

33.

Defendant Shingles's negligence was a proximate cause of Peter Gauthier's death.

34.

Defendant Hard to Stop LLC is liable for the negligent acts of Defendant Shingles under theories of agency and/or respondent superior, as at all times Defendant Shingles was an employee or agent of Hard to Stop LLC.

35.

Defendant Total Quality Logistics is liable for the negligent acts of Defendant Shingles under theories of agency and/or respondent superior, as Total Quality Logistics selected Shingles and/or Hard to Stop to pick up and deliver the product shipment.

36.

At all times material to the events described in this Complaint, Defendants Hard to Stop LLC and Total Quality Logistics were engaged in a joint venture with respect to picking up the subject load at Claxton Poultry and subsequently delivering the load to the end customer.

37.

As a result of the joint venture, Defendant Shingles was directed by Hard to Stop LLC and Total Quality Logistics to make the subject trip.

38.

Hard to Stop LLC and Total Quality Logistics are liable for the negligence of each other's negligent employees and agents according to the nature of the joint venture relationship.

39.

Plaintiff seeks and is entitled to recover all damages for wrongful death and estate damages due to the negligence of Defendant Shingles from Defendants Shingles, Hard to Stop, and/or Total Quality Logistics.

**Count 2: Negligent Selection, Hiring, and Retention**

40.

The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

41.

Defendants Hard to Stop LLC and/or Total Quality Logistics owed a duty not to hire or retain drivers it knew or should have known posed a risk of harm to others.

42.

Hard to Stop LLC and/or Total Quality Logistics breached that duty when they negligently hired, contracted with, and/or retained Defendant Shingles as a

driver and failed to exercise ordinary care to determine his fitness for the task of operating a commercial motor vehicle.

43.

Hard to Stop LLC and/or Total Quality Logistics knew or should have known of prior wrecks, dangerous behavior, and traffic violations by Defendant Shingles, which include multiple speeding tickets, driving with a suspended license on multiple occasions, battery, and constructive possession of controlled substances.

44.

Hard to Stop and Total Quality Logistics' negligence in hiring and retaining Defendant Shingles was a direct and proximate cause of the wreck and Peter Gauthier's death.

45.

At all times material to the events described in this Complaint, Hard to Stop LLC and Total Quality Logistics were engaged in a joint venture with respect picking up the subject load at Claxton Poultry and subsequently delivering the load to the end customer.

46.

As a result of the joint venture, Defendant Shingles was directed by Hard to Stop LLC and Total Quality Logistics to make the subject trip.

47.

Hard to Stop LLC and Total Quality Logistics are liable for the negligence of the other and each other's negligent employees and agents according to the theory of joint venture.

48.

Additionally, Total Quality Logistics had a nondelegable duty to ensure that the motor carriers with whom it arranged transportation of goods were reasonably safe and complied with all laws and industry standards concerning the safe operation and maintenance of commercial motor vehicles.

49.

Total Quality Logistics is engaged in the business of and undertook an obligation to transport or arrange for the transport of the load contained in a commercial motor vehicle and therefore owed a duty to the general public to do so in a reasonably prudent and manner.

50.

Total Quality Logistics had an independent duty to investigate and only select and contract with safe and competent contractors and motor carriers to transport goods in interstate commerce, including the load in question being transported by Defendant Shingles and Hard to Stop at the time of the collision.

51.

Total Quality Logistics knew or should have known of prior wrecks, dangerous behavior, and traffic violations by Defendant Hard to Stop's employee, Defendant Shingles, which include multiple speeding tickets, driving with a suspended license on multiple occasions, battery, and constructive possession of controlled substances.

52.

Total Quality Logistics knew or should have known that Defendant Hard to Stop had a history of lack of proper licensing, improper/lack of maintenance on its vehicles, and a lack of the federally-mandated minimum insurance coverage for motor carriers.

53.

Total Quality Logistics breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

a.      Failing to perform or improperly performing background, driving record, physical fitness to drive and/or character investigations that would have revealed Shingles and/or Hard to Stop was an unsafe and incompetent motor carrier;

b.      Hiring and retaining Shingles and/or Hard to Stop, despite its subpar safety, maintenance, and driving record, which was or should have been known to Total Quality Logistics;

c.      Failing to verify and ensure that Shingles and/or Hard to Stop hired drivers that would operate a commercial motor vehicle in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles; and

d.      Failing to verify and ensure that Shingles and/or Hard to Stop had minimum insurance coverage in compliance with federal law.

54.

Total Quality Logistics' negligence also violated laws intended to protect and prevent accidents such as the collision at issue in this case that fatally injured Peter Gauthier.

55.

Total Quality Logistics' negligence directly and proximately caused the collision with the Peter Gauthier's vehicle, causing his death.

56.

Plaintiff is entitled to recover all damages for wrongful death and estate damages due to the negligent selection, hiring, and retention of Defendant Shingles by Hard to Stop LLC and Total Quality Logistics, LLC.

## Count 3: Negligent Maintenance

### 57.

The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

### 58.

Defendant Hard to Stop LLC owed a duty to maintain its tractor and trailer in a reasonable manner.

### 59.

Hard to Stop LLC breached that duty and was negligent in at least the following ways:

- Maintaining a tractor trailer with insufficient braking capacity;

- Maintaining a tractor trailer with headlights out of alignment;

- Maintaining a tractor trailer with inoperable side lighting; and

- Maintaining a tractor trailer with insufficient reflective tape/markings.

### 60.

Hard to Stop LLC's negligence in maintaining the tractor and trailer was a direct and proximate cause of the wreck and Peter Gauthier's death.

61.

At all times material to the events described in this Complaint, Hard to Stop LLC and Total Quality Logistics were engaged in a joint venture with respect to picking up the subject load at Claxton Poultry and subsequently delivering the load to the end customer.

62.

As a result of the joint venture, Defendant Shingles was directed by Hard to Stop LLC and Total Quality Logistics to make the subject trip.

63.

Hard to Stop LLC and Total Quality Logistics are liable for the negligence of the other and each other's negligent employees and agents according to the theory of joint venture.

64.

Plaintiff is entitled to recover all damages for wrongful death and estate damages due to the negligent maintenance by Hard to Stop LLC.

## Count 4: Direct Action

### 65.

The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

### 66.

Defendant Great West was the insurer of Hard to Stop LLC at all times relevant to the allegations in this Complaint and issued a liability policy to comply with the filing requirements under Georgia law.

### 67.

Hard to Stop LLC is a motor carrier that is required to comply with the filing requirements identified in O.C.G.A. § 40-2-140 and § 40-1-112.

### 68.

Regardless of Hard to Stop's compliance or non-compliance with the statutory filing requirements, Plaintiff may join its insurance carrier, Great West, in this cause of action pursuant to O.C.G.A. § 40-2-140 and § 40-1-112.

### 69.

Great West is subject to a direct action pursuant to O.C.G.A. § 40-2-140 and/or § 40-1-112.

70.

Great West is directly liable to Plaintiff for any damages and judgment rendered in her favor with respect to the liability of its insured for the negligence of the insured's drivers, pursuant to the direct action provision in O.C.G.A. § 40-2-140 and § 40-1-112.

### Count 5: Punitive Damages

71.

The preceding paragraphs are incorporated by reference as if set forth fully herein.

72.

The Defendants' actions were willful, malicious, wanton, oppressive, and displayed that entire want of care that raises the presumption of conscious indifference to the consequences.

73.

Plaintiff is entitled to recover punitive damages in an amount sufficient to penalize the Defendants and to deter such conduct in the future.

74.

Plaintiff is entitled to recover punitive damages from Defendants pursuant to O.C.G.A. § 51-12-5.1.

## Count 6: Attorney's Fees and Expenses of Litigation

### 75.

The foregoing paragraphs are hereby incorporated by reference as if fully realleged herein.

### 76.

Defendants have acted in bad faith, been stubbornly litigious, and caused unnecessary trouble and expense within the meaning of O.C.G.A. § 13-6-11.

### 77.

Accordingly, Plaintiff is entitled to recover attorney fees and other expenses of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays and demands as follows:

a.  That summons and process issue and that Defendants be served with this Complaint as required by law and that Defendants be required to appear and answer;

b.  That Plaintiff receive a **TRIAL BY JURY**;

c.  That judgment be entered against Defendants and in favor of Plaintiff;

d.  That Plaintiff be awarded all compensatory, general, special, and all other damages allowable by law in an amount determined by the enlightened conscience of the jury;

e.  That Plaintiff be awarded all interest attributable to this action;

f.  That Plaintiff recover for the full value of the life of Peter Gauthier;

g.  That the Estate recover for Peter Gauthier's pre- and post-impact pain and suffering, funeral expenses, and punitive damages; and

h.  That Plaintiff be granted such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of February, 2021.

**HARRIS LOWRY MANTON LLP**

*/s/ Jeffrey Harris*
JEFFREY R. HARRIS
Georgia Bar No. 330315
jeff@hlmlawfirm.com
JED D. MANTON
Georgia Bar No. 868587
jed@hlmlawfirm.com
YVONNE S. GODFREY
Georgia Bar No. 318567
yvonne@hlmlawfirm.com

410 E. Broughton Street
Savannah, GA 31401
(404) 961-7650 (t)
(404) 961-7651 (f)

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Mark A. Barber, Esq.
Brenton W. Cole, Esq.
BAKER DONNELSON
3414 Peachtree Rd, NE
Suite 1500
Atlanta, GA 30026
bcole@bakerdonelson.com
mbarber@bakerdonelson.com
***Attorneys for Defendant Great West Casualty  Company***

Walter W. Ballew, III, Esq.
BARROW & BALLEW, P.C.
Post Office Box 8186
Savannah, Georgia 31412
wballew@barrowandballew.com
***Attorney for Owners Insurance Company***
***Auto-Owners Insurance Company and***
***Auto-Owners Specialty Company***

Kevin P. Branch, Esq.
Andrew E. Feske, Esq.
MCMICKLE, KUREY & BRANCH, LLP
217 Roswell Street, Suite 200
Alpharetta, Georgia  30009
kpb@mkblawfirm.com afeske@mkblawfirm.com

***Attorneys for Defendants Hard to Stop LLC***
***and Ronald Bernard Shingles***

Respectfully submitted this 19th day of February, 2021.

**HARRIS LOWRY MANTON LLP**

*/s/ Jeffrey Harris*
JEFFREY R. HARRIS
Georgia Bar No. 330315
jeff@hlmlawfirm.com
JED D. MANTON
Georgia Bar No. 868587
jed@hlmlawfirm.com
YVONNE S. GODFREY
Georgia Bar No. 318567
yvonne@hlmlawfirm.com

410 E. Broughton Street
Savannah, GA 31401
(404) 961-7650 (t)
(404) 961-7651 (f)

*Attorneys for Plaintiff*