IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| KATIA GAUTHIER, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF PETER GAUTHIER, AND AS PARENT AND NATURAL GUARDIAN OF MINORS, D.G. AND N.G., | ) ) ) ) ) ) | Civil Action File No. 6:20-CV-93 |
| PLAINTIFF, | ) ) | |
| V. | ) ) | |
| HARD TO STOP LLC, RONALD BERNARD SHINGLES, GREAT WEST CASUALTY COMPANY, SCOTTSDALE INSURANCE COMPANY, OWNERS INSURANCE COMPANY, AND TOTAL QUALITY LOGISTICS, LLC, | ) ) ) ) ) ) ) | |
| DEFENDANTS. | ) | |

**UNOPPOSED MOTION TO ESTABLISH IRREVOCABLE MINOR SETTLEMENT TRUSTS FOR MINOR BENEFICIARIES**

Plaintiff, having reached separate settlements with Defendants Hard to Stop,

LLC, Ronald Bernard Shingles, Great West Casualty Company, Scottsdale

Insurance Company, and Owners Insurance Company, requests that the Court enter

an Order establishing an irrevocable minor settlement trust for the purpose of

receiving a portion of settlement funds belonging to the Decedent's minor twin

daughters, D.G. and N.G.  Plaintiff anticipates filing motions to dismiss those

Defendants in connection with the settlements referenced in this motion and in the

exhibits referenced below.  Following ruling on those motions to dismiss, Plaintiff

anticipates that the only remaining Defendant will be Total Quality Logistics, LLC,

which has filed a separate motion to dismiss currently pending before the Court

(Doc. 35).

　　　　Plaintiff has been authorized to state that there is no opposition to this

motion from any of the parties.  In support of this motion, the Plaintiff states as

follows:

　　　　1.　　Plaintiff's decedent, Peter Gauthier, died as a result of a motor vehicle

collision on May 28, 2020.  (Doc. 27 ¶ 13).  Plaintiff alleged as follows: Defendant

Shingles was operating a tractor trailer on Georgia SR 73 in Claxton, Georgia,

while acting as an agent for Defendant Hard to Stop, LLC.  (*Id.* ¶ 14).[1]  Defendant

Shingles attempted a U-turn after missing his turn into the Claxton Poultry plant

off of Georgia SR 73.  (*Id.* ¶¶ 19-20).  Defendant Shingles was unable to complete

the U-turn, and as a result, the tractor and trailer blocked multiple lanes of travel on

Georgia SR 73.  (*Id.* ¶¶ 21-22).  Mr. Gauthier, who was traveling in a vehicle on

Georgia SR 73 at the time, was unable to avoid colliding with the trailer.  (*Id.*

---

[1] Plaintiff has also alleged Defendant Shingles was acting as an employee or agent for Defendant
Total Quality Logistics, who is not party to the settlement described herein.  (Doc. 27 ¶ 14).

¶ 25).  Mr. Gauthier died as a result of the injuries he suffered in the collision.  (*Id.* ¶ 26).  The other occupant of Mr. Gauthier's vehicle also died in the collision.

2.     Mr. Gauthier and Hard to Stop were uninsured at the time of the collision.  Defendant Great West, an insurance carrier, produced an MCS-90 endorsement providing federally mandated minimum funds for the uninsured tractor trailer.

3.     Defendant Owners Insurance Company and Defendant Scottsdale Insurance Company each provided applicable uninsured/underinsured motorist coverage.

4.     Plaintiff stated claims against the Defendants as set forth in the Amended Complaint.  The claims against Defendants Hard to Stop, LLC, Ronald Bernard Shingles, and Great West Casualty Company have been resolved for the full amount of the MCS-90 endorsement, with recovery to be shared on agreed-upon terms between the Gauthier family and the representatives of the other individual who died in the subject collision.  Plaintiff has resolved her claims against Scottsdale Insurance Company and Owners Insurance Company and obtained policy limits.

5.     While the settlement terms and releases have been negotiated and executed, the settlement remains pending to allow for Plaintiff to seek an Order

from this Court establishing irrevocable minor settlement trusts for the benefit of

Mr. Gauthier's two minor children, D.G. and N.G., with the remaining funds to be

handled through a structured settlement.

6.     Plaintiff Katia Gauthier is the surviving spouse of Mr. Gauthier and

the natural parent and guardian of Mr. Gauthier's two minor twin daughters, who

are both 11 years old.  Plaintiff has also been appointed the Administrator of Mr.

Gauthier's Estate.

7.     Mr. Gauthier was married to Plaintiff at the time of his death, and he

died without a will.   Accordingly, Plaintiff is the sole individual with the right to

bring and compromise a claim for wrongful death under O.C.G.A. § 51-4-2 and, as

Administrator of the Estate, she is the sole individual with the right to bring and

compromise a claim on behalf of the Estate.

8.     Plaintiff and her two minor daughters with Mr. Gauthier are the only

heirs at law pursuant to O.C.G.A. § 53-2-1, and they are the only persons with an

interest in any wrongful death proceeds under O.C.G.A. § 51-4-2 or any estate

claims under O.C.G.A. § 51-4-5(b).

9.     Based upon the facts and circumstances as further set forth above,

Plaintiff seeks an Order from this Court establishing irrevocable minor settlement

trusts for each of her two minor daughters pursuant to the terms in the attached

exhibit.  The remainder of the minors' portion of the settlement will be placed into a structured settlement, the terms of which are also set forth in exhibits, which Plaintiff is providing to the Court separately in connection with a Motion to Seal, due to the sensitive nature of those documents.[2]  The settling Defendants, Hard to Stop, LLC, Ronald Bernard Shingles, Great West Casualty Company, Scottsdale Insurance Company, and Owners Insurance Company, do not oppose this request.

10.     The gross settlement amounts, expenses, attorney's fees, and net settlement amounts are set forth in the settlement statements.  Due to the personal identifying information, financial information, confidential settlement information, and information pertaining to minors contained in these documents, they are being provided to the Court separately in connection with a Motion to Seal filed contemporaneously with the instant Motion.  The settlement statements are attached to the Motion to Seal as **Exhibit A**.  The releases setting forth the terms of these settlements are also being provided with the Motion to Seal as **Exhibit B**.

11.     For the minors' portion of the settlements, Plaintiff requests that this Court issue an Order establishing irrevocable minor settlement trusts for the benefit

---

[2] Plaintiff has the full and complete authority to settle the wrongful death claim as the decedent's surviving spouse, on behalf of herself and the decedent's minor children, and that movant has complied with the requirements of O.C.G.A. 29-3-3 by seeking the approval of the settlement from this trial court, where this action is pending, where the gross settlement due to the minors exceeds 15k and where the present value of the net settlement due to the minors has been reduced to zero by the purchase of a structured settlement and by the creation of the settlement protection trust described herein and in the attached exhibits.

5

of each minor, as described in **Exhibits C and D** to the Motion to Seal.  For the Court's reference, **Exhibit E**, also attached to the Motion to Seal, provides details on the remainder of the minors' portion of the settlement, which will be placed in structured settlements.

12.    These claims do not affect Plaintiff's claims against the remaining Defendant, Total Quality Logistics.

13.    Plaintiff, who has the sole right to bring and compromise the settled claims, believes the settlements described herein and set forth in the Exhibits to the Motion to Seal are fair, reasonable, and just, as they represent a substantial gross recovery.  Plaintiff further believes that the distribution of attorneys' fees and litigation costs is fair and reasonable under the circumstances.

14.    Plaintiff's counsel has served all interested parties with a copy of this motion.  Accordingly, Plaintiff seeks an Order from this Court establishing the irrevocable trusts described in **Exhibits C and D**.  A Proposed Order is being filed contemporaneously with this Motion.

Respectfully submitted this 9th day of December, 2021.

                              **HARRIS LOWRY MANTON LLP**

                              */s/ Yvonne Godfrey*
                              YVONNE S. GODFREY
                              Georgia Bar No. 318567
                              yvonne@hlmlawfirm.com

6

JEFFREY R. HARRIS
Georgia Bar No. 330315
jeff@hlmlawfirm.com
JED D. MANTON
Georgia Bar No. 868587
jed@hlmlawfirm.com

410 E. Broughton Street
Savannah, GA 31401
(404) 961-7650 (t)
(404) 961-7651 (f)

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing

**UNOPPOSED MOTION TO ESTABLISH IRREVOCABLE MINOR**

**SETTLEMENT TRUSTS FOR MINOR BENEFICIARIES** with the Clerk of

Court using the CM/ECF system which will automatically send e-mail notification

of such filing to the following attorneys of record:

| | |
|---|---|
| Mark A. Barber, Esq. &<br>Brenton W. Cole, Esq.<br>Baker Donnelson<br>3414 Peachtree Rd, NE, Suite 1500<br>Atlanta, GA 30026<br>bcole@bakerdonelson.com<br>mbarber@bakerdonelson.com<br>***Attorneys for Great West Casualty Co*** | Walter W. Ballew, III, Esq.<br>Barrow & Ballew, P.C.<br>Post Office Box 8186<br>Savannah, Georgia 31412<br>wballew@barrowandballew.com<br>***Attorney for Owners Insurance***<br>***Company***<br>***Auto-Owners Insurance Company &***<br>***Auto-Owners Specialty Company*** |
| Colby E. Longley, Esq.<br>McCorkle, Johnson & McCoy, LLP<br>319 Tattnall Street<br>Savannah, Georgia 31401<br>cel@mccorklejohnson.com;<br>and to<br>Lea C. Dearing, Esq.<br>Berman Fink Van Hom, P.C.<br>3475 Piedmont Road, NE, Ste. 1100<br>Atlanta, Georgia 30305-6400<br>ldearing@bfvlaw.com<br>***Attorneys for Total Quality Logistics*** | Kevin P. Branch, Esq.<br>Andrew E. Feske, Esq.<br>McMickle, Kurey & Branch, LLP<br>217 Roswell Street, Suite 200<br>Alpharetta, Georgia 30009<br>kpb@mkblawfirm.com<br>afeske@mkblawfirm.com<br>***Attorneys for Hard to Stop LLC***<br>***and Ronald Bernard Shingles*** |

8

| Mareesa Torres Dittle, Esq.<br>2970 Clairmont Road NE, Suite 600<br>Brookhaven, GA 30329<br>dittlm1@nationwide.com<br>***Attorney for Scottsdale Insurance*** | |

Respectfully submitted this 9th day of December, 2021.

**HARRIS LOWRY MANTON LLP**

*/s/ Yvonne Godfrey*
YVONNE S. GODFREY
Georgia Bar No. 318567
yvonne@hlmlawfirm.com
JEFFREY R. HARRIS
Georgia Bar No. 330315
jeff@hlmlawfirm.com
JED D. MANTON
Georgia Bar No. 868587
jed@hlmlawfirm.com

410 E. Broughton Street
Savannah, GA 31401
(404) 961-7650 (t)
(404) 961-7651 (f)

***Attorneys for Plaintiff***