# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| KATIA GAUTHIER, Individually and as Administrator of the Estate of Peter Gauthier, and as Parent and Natural Guardian of minors D.G. and N.G., <br><br> Plaintiffs, <br><br> v. <br><br> TOTAL QUALITY LOGISTICS, LLC, <br><br> Defendant. | CIVIL ACTION NO.: 6:20-cv-93 |

## O R D E R

Before the Court is the parties' Joint Statement Regarding Jurisdiction. (Doc. 82.) The parties filed this Joint Statement in attempt to cure jurisdictional insufficiencies in the Notice of Removal. (Doc. 1.) On appeal of a final order made by this Court, the Eleventh Circuit Court of Appeals remanded the case for the limited purpose of determining the parties' citizenship to establish whether diversity jurisdiction existed. (Doc. 75). In the Joint Statement, the parties attempt to demonstrate that they were completely diverse at the time of removal and, thus, the Court had jurisdiction over this case. (Doc. 82.) For the reasons outlined below, the Court finds the Joint Statement insufficient and **DIRECTS** the parties to supplement their Statement concerning the citizenship of Total Quality Logistics, LLC.

## BACKGROUND

In August of 2020, Plaintiff, a citizen of Georgia, initiated this lawsuit in the State Court of Bulloch County on behalf of herself and her two minor children after her husband was killed in

a motor vehicle accident. (Doc. 1-10.) The Complaint named Hard to Stop LLC ("Hard to Stop"), Norman W. Fries, Inc., Ronald Bernard Shingles, and Great West Casualty Company ("Great West") as defendants. (Id.) On October 2, 2020, Hard to Stop and Shingles removed the case to this Court, asserting in their Notice of Removal that Norman W. Fries, Inc., the only defendant that was a citizen of Georgia, was fraudulently joined, and thus diversity jurisdiction existed pursuant to 28 U.S.C. § 1332(a)(1). (Doc. 1.) Plaintiff thereafter filed a consent motion to drop Norman W. Fries, Inc., pursuant to Fed. R. Civ. P. 21, (doc. 18), which the Court granted, (doc. 20). On February 19, 2021, Plaintiff filed an Amended Complaint which, in place of Norman W. Fries, Inc., added Total Quality Logistics, LLC ("Total Quality") as a defendant. (Doc. 27.)

During the course of litigation, Plaintiff reached separate settlement agreements with Hard to Stop, Shingles, Great West, Scottsdale Insurance Company, and Owners Insurance Company. Plaintiff then filed a Consent Motion to Dismiss those Defendants pursuant to Federal Rule of Civil Procedure 21, which would leave Total Quality as the sole remaining Defendant in the case. (Docs. 62, 68.) Meanwhile, Total Quality filed a Motion to Dismiss the claims against it. (Doc. 35.) The Court thereafter issued an Order granting Total Quality's Motion to Dismiss and Plaintiff's Consent Motion to dismiss all of the other Defendants, thereby terminating the case. (Doc. 69.)

Plaintiff appealed the portion of the Order dismissing Total Quality, (doc. 71), and, on July 12, 2022, the Eleventh Circuit Court of Appeals issued an order remanding the appeal for the limited basis of determining the parties' citizenship to establish whether this Court had subject matter jurisdiction at the time of removal, (doc. 75). The Eleventh Circuit stated that neither the Notice of Removal nor the Amended Complaint sufficiently alleged the citizenship of: (1) Katia Gauthier in her capacities as administrator of Peter Gauthier's Estate and as D.G. and N.G.'s parent

and natural guardian; (2) Hard to Stop, LLC's sole member, Kenneth Brown; and (3) the members of Total Quality.  (Id. at p. 3.)  The Eleventh Circuit directed this Court to determine the parties' citizenship at the time of removal to ensure that the parties were, in fact, diverse.  (Id. at p. 4.)  Upon the case's remand, the Court directed the parties to confer and provide evidence regarding the citizenship of each of the parties in the case. (Doc. 81).  The parties submitted the at-issue Joint Statement Regarding Jurisdiction which outlines the citizenship of all parties.  (Doc. 82.)  The Court now reviews the Joint Statement to determine whether the parties have adequately shown that complete diversity existed at the time of removal.

## LEGAL STANDARD

A civil action initially filed in a state court may be removed to federal court if the district court has original jurisdiction over the action.  28 U.S.C. § 1441(a); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").  District courts have original jurisdiction over cases presenting a federal question and civil actions where diversity jurisdiction exists.  28 U.S.C. §§ 1331–32.  This case was removed on the basis of diversity jurisdiction.  (Doc. 1.)

In cases removed to federal court based on diversity jurisdiction, removal is permissible only "if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005); Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").  In removed cases, diversity jurisdiction is determined at the time of removal.  Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1317 (11th Cir. 2017).  When federal jurisdiction is invoked

based upon diversity, the complaint or notice of removal "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." Travaglio v. Am. Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013).

However, a court "need not vacate a decision on the merits if the evidence submitted during the course of the proceedings cures any jurisdictional pleading deficiency by convincing [the court] of the parties' citizenship." Id. at 1269. Indeed, "[t]he whole record . . . may be looked to, for the purpose of curing a defective averment of citizenship, where jurisdiction in a [f]ederal court is asserted to depend upon diversity of citizenship." Sun Printing & Publ'g Ass'n v. Edwards, 194 U.S. 377, 382 (1904). Accordingly, the Court may consider the materials submitted by the parties outside the Complaint and Notice of Removal to accurately determine the citizenship of the parties at the time of removal. Silver Crown Invs., LLC v. Team Real Est. Mgmt., LLC, 349 F. Supp. 3d 1316, 1324 (S.D. Fla. 2018) ("In a factual challenge contesting the existence of subject matter jurisdiction in fact, matters outside the pleading, such as testimony and affidavits are considered.").

## DISCUSSION

The Eleventh Circuit found it unclear whether Gauthier properly invoked the Court's jurisdiction because the citizenship of Peter Gauthier's estate, Gauthier as D.G. and N.G.'s parent and natural guardian, Hard to Stop, and Total Quality remained unclear. (See doc. 75.) After reviewing the parties' Joint Statement and the attached materials, the Court finds that the parties still have not properly shown complete diversity.

**I.   Citizenship of Plaintiff Katia Gauthier**

In their Joint Statement, the parties first address the citizenship of Katia Gauthier. (Doc. 82, pp. 6–7.) For individuals, citizenship is equivalent to "domicile," which requires both residence in a state and an intention to remain there indefinitely. McCormick v. Anderholt, 293

4

F.3d 1254, 1257–58 (11th Cir. 2002).  It is clear from the record that Plaintiff Katia Gauthier is domiciled in Georgia.  (See doc. 82-1.)  The problem identified by the Eleventh Circuit, however, was that "neither the notice of removal nor the [A]mended [C]omplaint sufficiently alleged the citizenship of Katia Gauthier in her capacities as administrator of Peter Gauthier's estate and as D.G. and N.G.'s parent and natural guardian."  (Doc. 75, p. 3.)

Where an estate is a party, the citizenship that counts for diversity purposes is that of the decedent.  Moore v. N. Am. Sports, Inc., 623 F.3d 1325, 1327 n.2 (11th Cir. 2010).  The attached documents show that Peter Gauthier had been domiciled in Statesboro, Georgia, with his wife preceding his death.  (Doc. 82-1, p. 2 ("Peter Gauthier resided, lived, and intended to remain at [2000 Glen Oaks Dr., Statesboro, Bulloch County, Georgia, 30461].").)  This is further corroborated by his tax records, probate court records, and his death certificate, all showing that he resided at this Georgia address.  (Id. at pp. 5–13.)  Accordingly, the Court finds that Peter Gauthier, and thus Katia Gauthier as the administrator of his estate, was a citizen of Georgia.

The Court additionally finds that Katia Gauthier is a citizen of Georgia in her capacity as parent and natural guardian of D.G. and N.G.  The Joint Statement states that "D.G. and N.G., were . . . domiciled in Georgia."  (Doc. 42, p. 6.)  This statement is supported by Katia Gauthier's statement in her declaration that she and her husband lived "with [their] two minor children" and by the fact that Katia Gauthier's domicile has been established as being in Georgia.  See O.C.G.A. § 19-2-4(a) (establishing that the domicile of a child of a parent who is widowed "shall be that of the custodial parent").  Accordingly, as the minor children were domiciled in Georgia, Katia Gauthier's citizenship in her capacity as their parent and natural guardian was also Georgia.  See

28 U.S.C. § 1332(c)(2) ("[T]he legal representative of an infant ... shall be deemed to be a citizen only of the same State as the infant.").[1]

## II.   Citizenship of Hard to Stop

The parties next address the citizenship of Hard to Stop.  (Doc. 82, p. 7.)  The Eleventh Circuit's Order noted that, "while the notice of removal identified Hard to Stop['s] . . . sole member—Kenneth Brown—it failed to distinctly and affirmatively allege his citizenship and instead alleged that he was a Florida resident."  (Doc. 75, p. 3; see doc. 1, p. 2.)  A limited liability company ("LLC") "is a citizen of any state of which a member of the company is a citizen."  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  Defendants attached the Florida Secretary of State Division of Corporations record to the Notice of Removal which confirms that Kenneth Brown is the sole member of Hard to Stop, LLC.  (Doc. 1-1.)  The record indicates that Brown resided at a Florida address.  (Id.)  "Residency is necessary, but insufficient, to establish citizenship in a state."  Smith, 991 F.3d at 1149.  Accordingly, the parties attached to their Joint Statement more evidence regarding Brown's citizenship, including his Florida voter registration and Florida driver's license.  (Doc. 82-2, pp. 8–12.)  They additionally included a sworn declaration by Brown indicating that Florida is, and at all relevant times has been, his "permanent residence" and that he "intend[s] to remain a Florida citizen and resident indefinitely in the future."  (Id. at p. 3.)  These supplemental materials adequately show that Brown—the sole member of Hard to Stop—was a Florida citizen when this case was removed.

## III.   Citizenship of Total Quality

---

[1]  In the Joint Statement, the parties contend that because D.G. and N.G. are "only beneficiaries," their citizenship is not relevant to this suit.  (Doc. 42, p. 6.)  The parties failed to cite any law to support this contention.  However, because the Court is satisfied that the minor children were also domiciled in Georgia at the time of removal, the Court declines to comment on this contention.

The Eleventh Circuit found that the Amended Complaint did not adequately allege the citizenship of Total Quality because it failed to identify its members and their citizenship. (Doc. 75, p. 3; see doc. 27, pp. 4–5.) To this point, the parties now state that Total Quality is made up of three members: KGBO Holdings, Inc.; MJZ Holdings, LLC; and KMN Holdings, LLC. (Doc. 82, p. 7.) If a member of an LLC is itself an LLC, the citizenship of the LLC "must be traced through however many layers of partners or members there may be." Silver Crown Invs., 349 F. Supp. 3d at 1324; see also RES-GA Creekside Manor, LLC v. Star Home Builders, Inc., No. 2:20-207-RWS, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) ("[W]hen a limited liability company consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes."). Accordingly, the parties must show the citizenship of each of the named entity-members of Total Quality.

The record reflects, through sworn testimony, that MJZ Holdings, LLC, is made up of only two members: Michael Zins and his wife, Denise Zins. (Doc. 83-1, pp. 2–3.) Michael Zins's sworn declaration reflects that both he and his wife have resided with an intent to remain indefinitely—and thus have been domiciled—in Ohio since prior to August 2, 2020. (Id. at p. 3.) Accordingly, the Court finds that MJZ Holdings, LLC, was a citizen of Ohio at the time of removal.

KGBO Holdings, Inc., is an Ohio corporation with its principal place of business in Ohio. (Doc. 84-1, p. 4.) A corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Roche, 546 U.S. at 94. Thus, the Court is satisfied that KGBO Holdings, Inc., is likewise a citizen of Ohio for purposes of diversity jurisdiction.

That leaves KMB Holdings, LLC. The Joint Statement provides that "KMB Holdings, LLC's members are Kerry Byrne and Margaret Byrne, who are both individuals domiciled in

7

Ohio." (Doc. 82, p. 8.) However, this statement is directly contradicted by Kerry Byrne's sworn declaration, in which he testified that KMB Holdings, LLC, is made up of two members: Kerry Byrne and an Ohio trust. (Doc. 83-3, p. 3.) Significantly, Byrne's declaration fails to state the type of trust[2] and simply states that the trust is "an Ohio trust of which [his] wife[, Margaret Byrne,] is the sole beneficiary." (Id.)

As a general rule, "[a] 'traditional trust'[3] holds the citizenship of its *trustee*, not of its beneficiaries." Alliant Tax Credit 31, Inc v. Murphy, 924 F.3d 1134, 1143 (11th Cir. 2019). The Court has not located in the record, and the parties have not provided in their Joint Motion, the identity, much less the citizenship, of the trustee of this trust. While it is likely this is a traditional trust governed by Ohio law, the Court is without a basis to make this determination, and furthermore, the Court still could not make a citizenship determination without the necessary information about the trustee. See Pulse Acquisition Corp. v. Jacksonville Inj. Ctr., LLC, No. 3:19-CV-1192-J-34JRK, 2020 WL 5526399, at *1–2 (M.D. Fla. Sept. 15, 2020) (finding the Court did not have sufficient evidence to rule on the citizenship of a trust named as a member of an LLC because the parties had not clarified the type of trust and had failed to establish the citizenship of the trustee).[4] Accordingly, because the Court cannot say with certainty that KMB Holdings, LLC,

---

[2] In determining the citizenship of a trust, the Eleventh Circuit has recognized different rules regarding "traditional" trusts and "business" trusts, which have different implications for citizenship purposes. See Am. Grand Court Lakes LLC v. Rockhill Ins. Co., No. 20-13954-GG, 2022 U.S. App. LEXIS 16336, at *2 (11th Cir. June 13, 2022); Hensley v. Westin Hotel, No. 1:19-CV-03846-SDG, 2023 WL 2759038, at *3 (N.D. Ga. Mar. 30, 2023) ("The method for determining a trust's citizenship for diversity purposes depends on whether it is a business trust or a traditional trust."). Here, the parties have not clarified what kind of trust this is, which in turn could impact the determination of the trust's citizenship.

[3] By contrast, A business trust is an unincorporated entity capable of bringing suit in its own name and possesses the citizenship of its member-beneficiaries. Americold Realty Trust v. Conagra Foods, Inc., 577 U.S. 378, 382–83 (2016).

[4] Christopher Brown (the chief legal officer at Total Quality) additionally provided a sworn declaration that states that "KMB Holdings, LLC was an Ohio [LLC] with its sole members being Ohio residents." (Doc. 84-1, p. 4.) However, this conclusory statement is insufficient to cure the defect in establishing Total

was a citizen of only Ohio at the time of removal without more information regarding the trust and its citizenship, it consequently cannot find that Total Quality was a citizen of only Ohio. See Am. Grand Court Lakes LLC, 2022 US. App. LEXIS 16336, at *2 ("[T]he affidavit alleges that the sole member of 280 Sierra Drive was a trust, but it does not provide any information regarding . . . whether it was a 'traditional' or 'business' trust for diversity purposes, so we cannot ascertain the trust's citizenship."); Westgate Resort, Ltd. v. Sussman, No. 6:17-cv-1467-Orl-37DCI, 2017 WL 3524315, at *2 (M.D. Fla. Aug. 16, 2017) ("Plaintiffs' failure to properly allege the citizenship of the Trusts in turn prohibits the Court from assessing the citizenship of the entities of whom the Trusts are members or sub-members."). The parties are therefore directed to supplement their Joint Statement, paying close attention to the law governing the citizenship of trusts, to fully show the citizenship of Total Quality, its members, and its submembers—specifically, KMB Holdings, LLC.

### IV. Citizenship of the Other Named Defendants

As to the other named Defendants, their citizenship was sufficiently alleged in the Notice of Removal.[5] (Doc. 1, pp. 3–12; see generally doc. 75.) Nevertheless, for sake of completeness,

---

Quality's citizenship. See Westgate Resort, Ltd., 2017 WL 3524315, at *2 (finding insufficient a pleading that "trustees and beneficiaries of each Trust are all citizens of the state of Florida" and noting that "this Court does not accept such summary recitals; rather, the parties must identify each trustee or member and allege their citizenship individually") (internal quotations omitted).

[5] Various insurance companies were also named. The Court notes that the citizenship of these underinsured/uninsured coverage entities would likely not be considered for purposes of establishing or defeating diversity jurisdiction. See, e.g., Broyles v. Bayless, 878 F.2d 1400, 1406 (11th Cir. 1989) ("Unless the insurance company interjects itself into the controversy in such a way that it has direct liability and/or active, visible and primary control of the litigation, its citizenship should not be considered for purposes of diversity jurisdiction."). However, in the event that their citizenships were considered, the Court finds all of the coverage entities were diverse from Plaintiff at the time of removal. According to the record before the Court, Owners Insurance Company is a corporation incorporated in and with a principal place of business in Ohio. (Doc. 82-6, p. 1.) The record also shows that Scottsdale Insurance Company is a corporation incorporated in and with a principal place of business in Ohio. (Doc. 82-7, p. 2.) Finally, the record shows that Auto-Owners Insurance Company and Auto-Owners Specialty Insurance Company are corporations incorporated in and with principal places of business in Michigan. (Doc. 82-6, p. 2.)

the Court notes the citizenship of each of the other named Defendants to establish the requisite diversity needed for removal. Defendant Robert Bernard Shingles was domiciled in Florida at the time of removal. (Doc. 1, p. 3; doc. 82-4.) Great West is (and has been since before the case was removed) a Nebraska corporation with its principal place of business in Nebraska, and thus, for purposes of diversity jurisdiction, is a citizen of Nebraska. (Doc. 82-5.) As for original Defendant Norman W. Fries, Inc., the parties showed that it was a Georgia corporation that was fraudulently joined at the time of removal, (doc. 1, pp. 6–9; doc. 82-8), and the Court dismissed it from the action, (docs. 18, 27). Therefore, the original presence of this Defendant did not destroy diversity.

Thus, the Court finds that the parties have demonstrated that all Defendants, with the exception of Total Quality, were diverse from the Plaintiff and were not citizens of Georgia at the time of removal.

## CONCLUSION

For the reasons stated above, the Court finds that the parties' Joint Statement Regarding Jurisdiction, (doc. 82), fails to adequately cure *all* of the jurisdictional insufficiencies identified by the Eleventh Circuit Court of Appeals, (doc. 75), and thus supplementation is required in order to assure this Court, and the Court of Appeals, that complete diversity existed at the time of removal. Accordingly, the Court **DIRECTS** the parties to supplement their Joint Statement within **TWENTY-ONE (21)** days with complete information regarding the citizenship of the members of Total Quality as explained in this Order.

**SO ORDERED**, this 18th day of April, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA